IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALERIE GARCIA LUCERO,

        Plaintiff,

vs.                                                                                                    No. CIV 03-1128 JB/DJS

OFFICER JOSE MARTINEZ, Individually
and in his capacity as a Patrolman with the
Town of Taos Police Department,
NEIL CURRAN, Individually and in his
capacity as Chief of the Town of Taos
Police Department, and the TOWN OF TAOS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Application to Withdraw as Counsel, filed October 11, 2005 (Doc. 34); and (ii) the Amended Opposed Application to Withdraw as Counsel, filed October 13, 2005 (Doc. 35). The primary issue is whether the Court should deny the application because of the risk of prejudice to the Defendants. Because the Court believes that it can eliminate prejudice to the Defendants through means other than forcing Mr. Samuel M. Herrera to continue to represent Plaintiff Valerie Garcia Lucero, the Court will overrule the Defendants' objections to Mr. Herrera's applications, but will require Mr. Herrera to strictly comply with D.N.M.LR-Civ. 83.8.

## PROCEDURAL BACKGROUND

The Defendants have provided Lucero with responses to her written discovery requests. See Defendants' Response to Application to Withdraw as Plaintiff's Counsel ("Response") at 1, filed November 2, 2005 (Doc. 38). Specifically, the Defendants have served upon Lucero: (i) Defendant

Martinez' Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Requests for Production, <u>see</u> Certificate of Service of Defendant Martinez' Answers to Plaintiff's First Set of Interrogatories and Defendant Martinez' Responses to Plaintiff's First Request for Production at 1, filed August 31, 2005 (Doc. 32); (ii) Defendant Neil Curran's Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's Requests for Production, <u>see</u> Certificate of Service of Defendant Neil Curran's Answers to Plaintiff's First Set of Interrogatories and Defendant Neil Curran's Responses to Plaintiff's First Request for Production at 1, filed August 31, 2005 (Doc. 30); (iii) Town of Taos' Responses to Plaintiff's First Requests for Production, <u>see</u> Certificate of Service of Town of Taos' Responses to Plaintiff's First Request for Production at 1, filed August 31, 2005 (Doc. 31); and (iv) Defendants' Response to Plaintiff's Second Requests for Production, <u>see</u> Certificate of Service of Defendants' Response to Plaintiff's Second Request for Production at 1, filed November 2, 2005 (Doc. 39). The Defendants report that they have not yet received Lucero's answers to the Defendants' written discovery. <u>See</u> Response at 1 n.1. The Defendants also report that they have been unable to schedule Lucero's deposition. <u>See id.</u> at 2.

Mr. Herrera represents that he and Plaintiff Valerie Garcia Lucero have a difference of opinion as to the merits of Lucero's claim. <u>See</u> Amended Opposed Application to Withdraw as Counsel ("Amended Application") ¶ 1, at 1. Mr. Herrera has advised Lucero either to follow his advice or to obtain new counsel. <u>See id.</u> ¶ 2, at 1. Mr. Herrera states that Lucero has refused to follow his direction in regard to her lawsuit. <u>See id.</u> ¶ 3, at 1.

Mr. Herrera requested that Lucero sign a letter confirming his withdrawal of counsel; Lucero indicated that she "ain't signing nothing" and that she would be contacting "the bar." <u>Id.</u> Mr. Herrera represents that he cannot continue to represent Lucero in this matter. <u>See Id.</u> ¶ 4, at 1. Mr.

Herrera moves the Court to grant him leave to withdraw as counsel for Plaintiff Valerie Garcia Lucero. See id. at 2.

The certificate of service on Mr. Herrera's amended application shows that he mailed it to opposing counsel of record, but does not indicate that he sent it to Lucero. See Amended Application at 2. The Defendants are opposed to this application because the Court has issued a scheduling order and because Mr. Herrera's withdrawal may disrupt compliance with that order. See Amended Application ¶ 5, at 1; Response at 1. Mr. Herrera and the Defendants' counsel request that the Court set this matter for a teleconference and require Lucero's attendance. See Amended Application ¶ 6, at 1.

Discovery closes on November 28, 2005. See Order Setting Case Deadlines, filed July 7, 2005 (Doc. 27). The Court does not have an address or telephone number for Lucero.

## LOCAL RULE ON WITHDRAWAL OF COUNSEL

D.N.M.LR-Civ. 83.8 provides:

**(a)** **Unopposed Motion to Withdraw.** The motion to withdraw and proposed order must indicate consent of the client represented by the withdrawing attorney and:
- ? notice of appointment of substitute attorney; or
- ? a statement of the client's intention to appear *pro se* and the client's address and telephone number.

**(b)** **Contested Motion to Withdraw.** The attorney must file and serve on all parties, including the client, a motion to withdraw. The attorney must give notice in the motion that objections must be served and filed within fourteen (14) calendar days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion.

## ANALYSIS

The Defendants object to Mr. Herrera's application to withdraw as counsel in this case only on the ground that his withdrawal will prejudice the Defendants. See Response at 1. The Defendants

assume that they have not received Lucero's discovery responses because Lucero and her counsel are at odds. See id. The Defendants represent that, without Lucero's discovery responses, they will be unable to obtain information material to their defense. See id. at 1-2. The Defendants seek, among other things, medical records from Lucero's health care providers. See id.

The Defendants argue that, ideally, the Court should not grant Mr. Herrera's application for withdrawal unless: (i) Lucero voluntarily dismisses her lawsuit against the Defendants; (ii) the Court dismisses Lucero's lawsuit without prejudice; or (iii) the Court stops proceedings until Lucero secures new counsel. See id. at 2. The Defendants suggest that other options may be available that also would ensure the Defendants suffer no prejudice resulting from withdrawal of counsel. See id.

There is no sound reason for the Court to deny Mr. Herrera' application for withdrawal as counsel. If Mr. Herrera and Lucero cannot work together, there is no reason for the Court to force them to stay together. Such a forced relationship does not serve Lucero's best interests.

The court believes it can eliminate the risk of prejudice through means other than denying Mr. Herrera's application to withdraw. If Lucero has not properly responded to discovery, the Defendants need to move the Court to compel responses. And if the Defendants need more time, the Court can extend deadlines. Accordingly, the Court will overrule the Defendants' objections to Mr. Herrera's application.

On the other hand, the Court is concerned about Lucero's position on Mr. Herrera's application. There is no indication in the record that Mr. Herrera sent his application to Lucero. She did not respond to these applications. The Court has no telephone number or address for her. The Court is not certain whether Lucero opposes Mr. Herrera's application, and cannot give her proper notice of a teleconference.

Mr. Herrera must comply, both substantively and procedurally, with D.N.M.LR-Civ. 83.8. If Lucero does not oppose the motion, then Mr. Herrera must comply with D.N.M.LR-Civ. 83.8(a). He must provide a second amended application and proposed order that indicates his client's consent, and: (i) notice of substitute counsel; or (ii) a statement of the client's intention to appear *pro se* and the client's address and telephone number.

If, however, Lucero opposes the application, then Mr. Herrera must comply with D.N.M.LR-Civ. 83.8(b). He must file and serve -- specifically on Lucero -- a second amended application to withdraw. In that application, Mr Herrera must give notice that objections must be served and filed within 14 calendar days from the date of service of the application, and give notice that failure to object within the 14-day period constitutes consent to grant the motion. If Lucero does not file some objection within 14 days, the court will promptly enter an order allowing Mr. Herrera to withdraw. If Lucero timely objects, the Court will consider the application and Lucero's objection at that time.

Additionally the Court directs that, if Lucero opposes this motion, Mr. Herrera include in the second amended application Lucero's address and phone number.

**IT IS ORDERED** that the Application to Withdraw as Counsel and the Amended Opposed Application to Withdraw as Counsel are granted in part. The Defendants' objections to Mr. Samuel M. Herrera of The Herrera Firm, P.C.'s applications are overruled. Mr. Herrera shall comply strictly with D.N.M.LR-Civ. 83.8. If the motion is opposed, Mr. Herrera must comply with D.N.M.LR-Civ. 83.8(b), and after compliance, will be granted leave to withdraw as counsel for Plaintiff Valerie Garcia Lucero unless Lucero files a formal objection within 14 days of the date Mr. Herrera files his second amended application. If the motion is unopposed, Mr. Herrera will be granted leave to withdraw as counsel as soon as he complies with D.N.M.LR-Civ. 83.8(a).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Samuel M. Herrera
The Herrera Firm, P.C.
Taos, New Mexico

    *Attorney for the Plaintiff*

James P. Sullivan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorney for the Defendants*