IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALERIE GARCIA LUCERO,

    Plaintiff,

vs.                                                                                  No. CIV 03-1128 JB/DJS

OFFICER JOSE MARTINEZ, Individually
and in his capacity as a Patrolman with the
Town of Taos Police Department,
NEIL CURRAN, Individually and in his
capacity as Chief of the Town of Taos
Police Department, and the TOWN OF TAOS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Town of Taos' Motion to Compel Discovery and Supporting Memorandum, filed December 1, 2005 (Doc. 43). The primary issue is what the Court should do given Plaintiff Valerie Garcia Lucero's failure to respond to the Town of Taos' written discovery. Given Lucero's failure to respond to comply with her discovery obligations, the Court will grant the Town of Taos' motion.

**PROCEDURAL BACKGROUND**

Lucero served written discovery upon the Defendants in May 2004. See Certificate of Service of Plaintiff's First Set of Interrogatories and Request for Production, filed May 14, 2004 (Doc. 15). On June 3, 2004, the Town of Taos served Lucero, by first class mail, with its First Set of Interrogatories and First Request for Production of Documents. See Certificate of Service of Defendant's First Set of Interrogatories and Request for Production (Doc. 16); Defendant Town of Taos' First Set of Interrogatories; Defendant Town of Taos' First Request for Production of

Documents to Plaintiff. The Town of Taos represents that, near the time the parties' respective responses to this written discovery were due, defense counsel informed Lucero's counsel that Defendant Jose Martinez was in Iraq and suggested a stay of proceedings. See Defendant Town of Taos' Motion to Compel Discovery and Supporting Memorandum ("Motion to Compel") ¶ 2, at 2-3.

The parties agreed to withhold their respective discovery responses until Martinez returned from Iraq and any stay imposed was lifted. See id. On July 7, 2004, the Town of Taos filed its Unopposed Motion to Stay Proceedings, see Unopposed Motion to Stay Proceedings (Doc.18), and the Court granted the motion on July 12, 2004, see Unopposed Order Staying Proceedings (Doc. 19). On June 7, 2005, Lucero filed her Unopposed Motion to Lift Stay on the grounds that Martinez had returned from Iraq. See Unopposed Motion to Lift Stay (Doc. 23).

The Court granted Lucero's Unopposed Motion to Lift Stay on June 13, 2005. See Order Granting Motion to Lift Stay (Doc. 24). The Town of Taos asserts that, after the stay was lifted, Lucero's outstanding discovery responses were due no later than July 13, 2005. See Motion to Compel ¶ 5, at 2. As of the date it filed this motion, the Town of Taos had not received Lucero's written discovery responses. See id. ¶ 6, at 2.

The Town of Taos' counsel understands that, while Lucero was working with her counsel on her responses, a rift between them surfaced, necessitating that her attorney Mr. Sam Herrera withdraw as counsel. See id. ¶ 6, at 2. The Town of Taos represents that, given that Lucero's representation is in flux, the Town of Taos did not contact Lucero directly to determine her position on this motion.[1]

---

[1] Mr. Herrera filed an application to withdraw on October 11, 2005, an amended application to withdraw on October 13, 2005, and a second amended application to withdraw on November 25, 2005. See Application to Withdraw as Counsel (Doc. 34); Amended Opposed Application to Withdraw as Counsel (Doc. 35); Second Amended Opposed Application to Withdraw as Counsel (Doc. 42). At the time the Town of Taos filed its Motion to Compel -- December 1, 2005 -- The

See id. ¶ 10, at 2.

The Town of Taos served its motion on Mr. Herrera. See Motion to Compel, Certificate of Service at 3. The Certificate of Service does not indicate that the Town of Taos served Lucero with its motion. See id. Lucero did not file a response to this motion.

The discovery deadline passed on November 28, 2005. See Order Setting Case Deadlines at 1, filed July 7, 2005 (Doc. 27). The Town of Taos moves the Court, pursuant to rule 37 of the Federal Rules of Civil Procedure, to compel Lucero to provide: (i) answers to the Town of Taos' First Set of Interrogatories; and (ii) responses to the Town of Taos' First Request for Production of Documents. See Motion to Compel at 1.

## **LAW REGARDING WAIVER OF OBJECTIONS**

Rule 33(b)(4) of the Federal Rules of Civil Procedure provides: "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." "Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

"Fed. R. Civ. P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections. If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections." Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d

---

Court had not yet granted Mr. Herrera's applications to withdraw. The Court did not grant Mr. Herrera's applications to withdraw until December 15, 2005. See Notice and Order Regarding Withdrawal of Counsel (Doc. 44).

8, 12 (1st Cir. 1991). See, e.g., Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988)("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). "[W]hen the request far exceeds the bounds of fair discovery, a court retains discretion to decline to compel the production of documents even if a timely objection has not been made." Kolenc v. Bellizzi, 95 Civ. 4494, 1999 U.S. Dist. LEXIS 1794, at *8 (S.D.N.Y. February 19, 1999).

## ANALYSIS

As a result of her failure to provide timely objections to the Town of Taos' First Set of Interrogatories, Lucero has waived any objections she may have had to them because she has not shown good cause for the failure to timely object. See Fed. R. Civ. P. 33(b)(4). Similarly, by not timely responding to the Town of Taos' First Request for Production, Lucero has waived her objections to all those requests that do not appear to "far exceed[] the bounds of fair discovery." Kolenc v. Bellizzi, 1999 U.S. Dist. LEXIS 1794, at *8.

The Town of Taos represents that, without responses to its discovery responses, the Defendants have been unable to obtain information important to the defense of this case, including, but not limited to, medical records from Lucero's health care providers, and have been unable to schedule Lucero's deposition. See Motion to Compel ¶ 9, at 2. Given the importance of discovery in a case like this one, the Court has no reason to doubt that Lucero's failure to respond to written discovery is an unnecessarily continuing burden on the Defendants. The Court will order Lucero to respond to this written discovery without objection. The Court has reviewed the Requests for Production, and they do not appear to exceed the fair bounds of discovery.

The Court is concerned, however, that the Town of Taos did not contact Lucero before it filed

this motion, that it served the motion on her former attorney, and that it apparently did not serve Lucero with a copy. Accordingly, the court will conditionally grant the motion. Within ten days of the date of this order, Lucero must respond to the written discovery or must file a written objection to this order.

**IT IS ORDERED** that the Defendant Town of Taos' Motion to Compel Discovery and Supporting Memorandum is granted. The Plaintiff shall provide the Town of Taos with (i) answers to its First Set of Interrogatories without objection; and (ii) responses to its First Request for production without objections within ten days of the date of this order, or shall file an objection to the order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Valerie Garcia Lucero
Post Office Box 2382
Ranchos de Taos, New Mexico

    *Pro Se Plaintiff*

James P. Sullivan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for the Defendants*