IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALERIE GARCIA LUCERO,

       Plaintiff,

vs.                                                              No. CIV-03-1128 JB/DJS

OFFICER JOSE MARTINEZ, Individually
and in his capacity as a Patrolman with the
Town of Taos Police Department,
NEIL CURRAN, Individually and in his
capacity as Chief of the Town of Taos
Police Department, and the TOWN OF TAOS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Sanctions for

Plaintiff's Failure to Comply with Court Order and Supporting Memorandum, filed April 4, 2006

(Doc. 52). The Court held a hearing on this motion on April 28, 2006. The primary issue is whether

the Court should dismiss Plaintiff Valerie Garcia Lucero's Complaint and case because she has not

complied with the Court's Memorandum Opinion and Order, filed March 13, 2006 (Doc. 48).

Because Lucero is disobeying the Court's discovery order, because the trial is five working days

away, because Lucero did not provide the Defendants with her portion of the pretrial order, and

because she did not show up for the pretrial conference, the Court will dismiss her case after Friday

May 5, 2006 unless she gives the Court and Defendants' notice whether she intends to prosecute this

case and how she intends to cure her discovery defaults by Friday May 5, 2006 at 12:00 p.m.

## PROCEDURAL BACKGROUND

On July 1, 2005, the Court held an initial scheduling order and set a motion hearing on all

pending motions for March 10, 2006.  <u>See</u> Clerk's Minutes, filed July 7, 2005 (Doc. 26); Order

Setting Case Deadlines, filed July 7, 2006 (Doc. 27).  At that time, Lucero was represented by

counsel, Mr. Samuel M. Herrera.  <u>See</u> Notice of Substitution of Attorney of Record, filed January

13, 2004 (Doc. 4).

On December 1, 2005, pursuant to rule 37(a), Taos filed its Motion to Compel on the ground

that Lucero failed to respond to the Defendant's First Set of Interrogatories and First Request for

Production of Documents.  <u>See</u> Defendant Town of Taos Motion to Compel Discovery and

Supporting Memorandum ("Motion to Compel")(Doc. 43).  On December 15, 2005, the Court

entered an order allowing Mr. Herrera to withdraw as counsel of record.  <u>See</u> Notice and Order

Regarding Withdrawal of Counsel, filed December 15, 2005 (Doc. 44).  Mr. Herrera provided an

address for Lucero: P.O. Box 2382, Ranchos de Taos, New Mexico 87571.  <u>See</u> Second Amended

Opposed Application to Withdraw as Counsel at 2, filed November 25, 2005 (Doc. 42).  Since Mr.

Herrera's withdrawal as counsel, no attorney has entered an appearance for Lucero.

On February 15, 2006, the Defendants filed a motion to continue the April 10, 2006 trial

setting.  <u>See</u> Defendants' Motion to Continue April 10, 2006 Trial Setting (Doc. 45).

In early March, as a result of a scheduling conflict, the Court's courtroom deputy clerk

("CRD") contacted Mr. James Sullivan, the Defendants' attorney, to reschedule the March 10, 2006

hearing.  The CRD and Mr. Sullivan agreed that March 13 at 3:30 p.m. would work for him.  The

CRD then made attempts to reach Lucero at a telephone number -- 758-1384 -- that the CRD

requested from Mr. Sullivan and that he provided.

The CRD made several attempts to reach Lucero at this number and many times did not

receive an answer.  Finally, however, someone answered the telephone.  The CRD learned that this

number is the business number for Lucero's sister's insurance business in Taos.

The individual who finally answered the CRD's telephone call was Lucero's mother.  She told the CRD that she was in routine contact with her daughter and that she would let Lucero know that the CRD had called and that the March 10, 2006 hearing was going to be rescheduled on March 13, 2006 at 3:30 p.m.  The Court did not want Lucero to make an unnecessary trip from Taos to Albuquerque for a hearing that was vacated.

During the CRD's call with Lucero's mother, the CRD asked if perhaps there were a facsimile number to which the CRD could send Lucero a copy of the notice vacating and rescheduling the hearing.  Lucero's mother said "sure," and the number she provided was 758-1098.  Lucero's mother also agreed to pass along to her daughter that the Court was rescheduling the hearing.

On March 8, 2006, the Court issued its Notice re-scheduling the motion hearing from March 10, 2006 to March 13, 2006.  See Notice Vacating and Rescheduling Motion Hearing (Doc. 46).  The Court sent Lucero a copy of the Notice by facsimile by the Court's ACE system at the number her mother had provided -- 758-1098.  The Court also mailed the Notice to the last address on record, as reflected in the Court's December 10, 2005 order, allowing Mr. Herrera to withdraw as attorney of record.

The Court entered a Memorandum Opinion and Order on March 11, 2006, granting the Motion to Compel.  See Doc. 47.  The Court ordered Lucero to provide Taos with: (i) answers to its First Set of Interrogatories without objections; and (ii) responses to its First Request for Production. The Court ordered that Lucero provide these discovery responses without objections and within ten days of the Court's order.  See id. at 5.  The Court also gave Lucero the option to, instead of providing the discovery responses, file an objection to the Court's order.  See id.

Early on the morning of March 13, 2006, before the scheduled hearing, the Court entered a Memorandum Opinion and Order, granting the Motion to Continue the April 10, 2006 Trial Setting. See Doc. 48. The Court also reset the case deadlines. See Notice Vacating and Rescheduling Pretrial Conference and Jury Selection/Jury Trial and Deadlines to Provide Pretrial Order, filed March 13, 2006 (Doc. 50). The pretrial conference was scheduled for March 24, 2006; the case was set for jury selection and jury trial on April 10, 2006. See id. The Court vacated the pretrial conference and rescheduled it for April 28, 2006. See id. The Court vacated and rescheduled the trial for May 10, 2006. See id. The Court also ordered Lucero to provide the pretrial order to the Defendants by April 20, 2006 and the Defendants to provide the pretrial order to the Court by April 27, 2006. See id. The Court later noted that it had erroneously scheduled trial to begin on May 10, 2006 -- a Wednesday -- and scheduled the trial to begin on Monday, May 8, 2006. See Minute Order, filed March 14, 2006 (Doc. 51).

The Court instructed the CRD to contact the parties and to let them know that there would be no need for the hearing. The CRD was able to reach Mr. Sullivan to notify him of the Court's decisions on both of his motions. The CRD attempted to reach Lucero three times, again at the number for Lucero's sister's business.

The CRD's first two attempts to reach Lucero received no answer. On the third attempt, another woman answered the telephone, and the CRD learned that the individual was Lucero's sister, Bernadine. After the CRD identified herself, Bernadine inquired why the CRD was calling, what the issuance of the opinions meant to her sister's case, and what was going to happen to her sister's case.

After the CRD and Bernadine had talked for a short time and after the CRD explained the circumstances, Bernadine told the CRD that there was not a separate telephone number at which the

CRD could reach her sister.  Bernadine explained that Lucero was having a hard time financially. Bernadine further offered that their mother was in the hospital and that Lucero was helping to take care of their mother.

The CRD asked for and obtained Bernadine's permission to send the opinions by facsimile transmission to the same number as that to which the notice was sent by facsimile transmission the prior week.  They also agreed that Bernadine would verbally pass along to her sister that the Court had vacated the motion hearing.  From her conversation with Bernadine, it was clear to the CRD that, even before being notified that the hearing was vacated, Lucero most likely had no intention of traveling to Albuquerque for a hearing that day.

From the Court's chambers, the CRD immediately sent by facsimile transmission the Court's two opinions, with this note:

> Ms. Lucero, pursuant to my telephone conversation this morning with your sister, Bernadine, I am attaching a copy of the opinions entered by the Court in your case this morning.  Because the Court has ruled on these motions there will be no need to conduct a hearing this afternoon at 3:30 p.m.  I understand that Bernadine agreed to pass this message along to you so that you will not unnecessarily travel to Albuquerque for the hearing today.  Please do not hesitate to call with any questions or concerns that you may have (348-2289).

The CRD received confirmation that this transmission was delivered successfully.  Further, she issued a Minute Order via the Court's ACE system, immediately providing notification that the Court had vacated the hearing.  See Minute Order, filed March 13, 2006 (Doc. 49).

Lucero's discovery responses or her objections to the Court's order were due to Taos on March 23, 2005.  See Memorandum Opinion and Order (Doc. 47).  To date, Taos has not received Lucero's discovery responses in accordance with the Court's order, nor has Taos received any objection by Lucero to the Court's order.  Lucero has failed to obey the Court's order on Defendant

Taos' Motion to Compel.

Taos contends that, by failing to respond to Taos' written discovery requests, Lucero has not provided the Defendants with the following information:

a. Her medical history. Despite the fact Plaintiff claims damages for the physical and emotional injuries which she allegedly suffered as a result of the incident in question, Plaintiff has failed to describe current and past medical issues and has failed to execute a medical release (information requested pursuant to Interrogatory Nos. 8, 9, 10, 11, and 12 and Request for Production No. 1). As such, Plaintiff effectively has denied Defendant Taos access to her medical records and neither Defendant Taos nor the other Defendants have a means of disputing her medical damage claims. Plaintiff also has failed to itemize her medical expenses for Defendant Taos, thereby, preventing all Defendants from properly assessing damages (information requested pursuant to Interrogatory No. 14).

b. Her employment history. Plaintiff claims lost income as a result of the subject incident, but has failed to identify her current and past employers to Defendant Taos. She has not provided Defendant Taos with a breakdown of her hourly, monthly or yearly income nor has she produced her state and federal taxes to verify her claimed income (information requested pursuant to Interrogatory No. 5 and Request for Production No. 5). Without such information, none of the Defendants can evaluate Plaintiff's lost income claim.

c. Her criminal history. Plaintiff has not informed Defendant Taos whether she committed any felonies committed in the past ten years or crime of dishonesty (information requested pursuant to Interrogatory No. 16). Without this information, all Defendants are prohibited from attacking Plaintiff's credibility at trial.

d. Proposed witness testimony. In her Initial Disclosures, Plaintiff identifies nine potential witnesses. Plaintiff, however, has failed to state whether some or all of these individuals will testify at the trial of this matter and has failed to provide a summary of the subject matter about which he or she is expected to testify (information requested pursuant to Interrogatory No. 23). Without this information, Defendants have been unable to determine the necessity of deposing any of the identified individuals and has no inkling as to what relevant information they may have.

e. Property losses. In her Initial Disclosures, Plaintiff claims property damage in the amount of $800.00. Plaintiff, however, failed to describe the property damage allegedly caused by Defendant Taos and failed to produce receipts, invoices or estimates to verify her claim (information requested pursuant to Interrogatory No. 14 and Request for Production No. 14). Without this information, the Defendants cannot

adequately assess Plaintiff's property damage claim.

Motion to Compel ¶¶ 8(a)-(e), at 3-4.

The Defendants represent that they have attempted to schedule Lucero's deposition. <u>See</u> <u>id.</u> ¶ 9, at 4. Lucero has rejected the Defendants' attempts on the grounds that she recently started a new job and continues to try to resolve her representation issues. <u>See</u> <u>id.</u>

The Defendants represent that, on March 30, 2006, their counsel, Gianna M. Mendoza, attempted to contact Lucero and left a message for Lucero with Lucero's sister regarding the Defendants' intent to file a motion seeking the dismissal of this matter. <u>See</u> <u>id.</u> ¶ 11, at 5. The Defendants represent that, to date, Lucero has not returned Ms. Mendoza's telephone call, thereby preventing Ms. Mendoza from determining Lucero's position on the Defendants' motion. <u>See</u> <u>id.</u>

Accordingly, the Defendants move the Court, pursuant to rule 37(b) of the Federal Rules of Civil Procedure, to sanction Lucero for her failure to comply with the Court's March 13, 2006 Memorandum Opinion and Order on Defendant Town of Taos' Motion to Compel Discovery. <u>See</u> <u>id.</u> at 1. The Defendants request that the Court dismiss Plaintiff's lawsuit as a sanction for Plaintiff's failure to comply with the Court's March 13, 2006 Memorandum Opinion and Order. <u>See</u> <u>id.</u> at 5. At the hearing, the Defendants additionally argued that the Court should dismiss the case for failure to prosecute pursuant to rule 41 of the Federal Rules of Civil Procedure. <u>See</u> Transcript of Hearing at 3:19-25 (taken April 28, 2006).[1]

The Court held the scheduled Pretrial Conference on April 28, 2006. Counsel for Defendants appeared, but Lucero did not appear. Counsel for Defendants represented at the hearing that Lucero

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

did not provide them with a copy of her portion of the Pretrial Order.  <u>See</u> Transcript of Hearing at

3:6-13.  Lucero's response to the Defendants' Motion for Sanctions was due on April 21, 2006 --

allowing three additional days for service by mail.  <u>See</u> Fed. R. Civ. Proc.  6(e).  Lucero has not filed

any such response.

<u>**PRO SE LITIGANTS AND SANCTIONS**</u>

**1.      <u>Pro Se Litigants.</u>**

"An appellant's pro se status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  <u>Ogden v. San</u>

<u>Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994)(citing <u>Nielsen v. Price</u>, 17 F.3d 1276, 1277 (10th

Cir. 1994)).  "Even a pro se litigant must follow the same rules of procedure that govern other

litigants."  <u>Santistevan v. Colo. Sch. of Mines</u>, 150 Fed. Appx. 927, 931 (10th Cir. 2005)("Further,

we find support for the district court's finding of willful failure to comply with court orders.  Plaintiff

was obligated by court rules to notify the court of any address change, yet he failed to keep in contact

with his attorney or the court.")(citation and internal quotations omitted).  "Although dismissal is .

. . a drastic sanction," the Tenth Circuit has "repeatedly upheld dismissals in situations where the

parties themselves neglected their cases or refused to obey court orders."  <u>Green v. Dorrell</u>, 969 F.2d

915, 917 (10th Cir. 1992)(citation omitted).

**2.      <u>Rule 37(b), Rule 41(b) and Local Rule D.N.M.LR-CV 7.1(b).</u>**

Rule 37(b) provides that sanctions are available against a party who fails to obey a court order

issued pursuant to a motion to compel filed under rule 37(a).  The sanctions available to the Court

pursuant to rule 37 include: (i) deeming established certain facts that the moving party was seeking

to establish; (ii) prohibiting the disobedient party from introducing certain matters into evidence; (iii)

-8-

striking pleadings; (iv) issuing a stay until the order is obeyed; (v) dismissing the action; or (vi) treating the disobedient party's failure to comply as contempt of court.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)-(D).  Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of an action with prejudice "[f]or failure of the plaintiff to prosecute or to comply with these rules or any court order."

Local Rule 7.6(a) provides in relevant part: "A response must be served within fourteen (14) calendar days after service of the motion."  The Court's local rules provide that failure to file and serve a response in opposition to a motion within the prescribed time period "constitutes consent to grant the motion."  D.N.M.LR-CV 7.1(b).

### 3.   <u>Degree of Sanctions.</u>

The United States Court of Appeals for the First Circuit has stated concerning sanctions:

> To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme.  <u>See</u>  <u>Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.</u>, 848 F.2d 315, 317 (1st Cir. 1988). We have recognized, however, that disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.  <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 46 (1st Cir. 2002); <u>Cosme Nieves v. Deshler</u>, 826 F.2d 1, 2 (1st Cir. 1987).  Still, dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order. When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.  <u>See</u>  Tower Ventures, 296 F.3d at 46.

<u>Young v. Gordon</u>, 330 F.3d 76, 81 (1st Cir. 2003).

Before imposing dismissal as a sanction, the court must consider the following factors:

> The degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.  <u>Id.</u> These factors do not constitute a "rigid test," but rather represent criteria to guide the court in its decision.  <u>Ehrenhaus v. Reynolds</u>, 965

F.2d 916, 921 (10th Cir. 1992). . . .  Only when these factors outweigh the judicial
system's strong predisposition to resolve cases on their merits is dismissal an
appropriate sanction.  Id.

Connelly v. Kehoe, No. 96-2284, 1998 U.S. App. LEXIS 1951, at *5-6 (10th Cir. February 12,

2006)(affirming dismissal of case as sanction, where plaintiff "repeatedly failed to cooperate in the

discovery process and obey court orders and rules, which [] resulted in delaying [the] proceedings"

and where "[d]espite the Magistrate's explicit warning of dismissal, [plaintiff] failed to comply with

the discovery order, missed a scheduled settlement conference, and failed to timely file responses to

defendants' summary judgment motions").

## **ANALYSIS**

After reviewing the Ehrenhaus v. Reynolds factors in Connelly v. Kehoe, 1998 U.S. App.

LEXIS 1951, at *5-6, the Court believes that dismissing Lucero's case is appropriate, because the

Ehrenhaus v. Reynolds factors as applied to this case outweigh the strong predisposition to resolve

cases on their merits.  The Court will therefore dismiss the case with prejudice, unless Lucero advises

the Court, by Friday May 5, 2006, that she intends to prosecute this case and that she will promptly

cure her discovery defects.

### 1.      **Amount of Interference With the Judicial Process.**

Disobedience of court orders can create real problems in any case, but Lucero's conduct is

especially a problem in this case, where trial is approximately one week away.  Because trial

currently is scheduled to begin on May 8, 2006, time is of the essence.

### 2.      **Degree of Prejudice to the Defendants.**

As a result of Lucero's failure to abide by the Court's orders, the Defendants have not been

able to adequately prepare the defense of the case.  Lucero's failure to provide discovery responses

has impeded the Defendants' ability to obtain relevant information.  The Defendants represent that, without the requested information, they will be unable to conduct a thorough and adequate deposition of Lucero.

Conducting a deposition of the plaintiff in a case is usually routine and essential to discovery. Lucero has prevented the most basic exchange of information.  Lucero has effectively precluded Taos from conducting discovery.  Moreover, her refusal to provide discovery to Taos has impeded the ability of all the Defendants to prepare their defense for trial.

Lucero's status as a pro se litigant does not justify her failure to respond to discovery or to comply with court orders.  Answering discovery without objection in the time frame that the Court provided is not complex, nor does it require a sophisticated understanding of the law.  Lucero could go far by merely returning the Court's and counsel's calls, and doing what the Court tells her to do when the Court tells her to do it.

### 3.    Notice by the Court of Dismissal.

The Court has not previously given Lucero notice that her failure to comply with the Court's order could result in dismissal.  Because the Court has not given Lucero advance notice of the possibility of dismissal, the Court will not dismiss the case now, but rather, this Memorandum Opinion and Order constitutes notice that failure to comply will result in dismissal.

### 4.    The Culpability of the Litigant.

The record before the Court demonstrates that Lucero has been negligent at best.  It has been four months since her attorney withdrew from the case, and she has not yet retained the services of another attorney.  Since July 19, 2005,  Lucero and her counsel have filed only: (i) the Application to Withdraw as Counsel, filed October 11, 2005 (Doc. 34); (ii) the Amended Opposed Application

-11-

to Withdraw as Counsel, filed October 13, 2005 (Doc. 35); and (iii) the Second Amended Opposed Application to Withdraw as Counsel at 2, filed November 25, 2005 (Doc. 42). Lucero has not attempted to prosecute her case in any meaningful manner for more than nine months.

Lucero has not complied with her discovery obligations. Lucero also ignored the Court's Memorandum Opinion and Order entered on March 11, 2006, granting the Defendants' Motion to Compel, to provide Taos with: (i) answers to its First Set of Interrogatories without objections; and (ii) responses to its First Request for Production. See id. at 5. The Court ordered that Lucero provide these discovery responses without objections and within ten days of the Court's order. See id.

Lucero also has not responded to the Defendants' Motion for Sanctions for Plaintiff's Failure to Comply with Court Order and Supporting Memorandum, filed April 4, 2006 (Doc. 52), even though her response was due on April 21, 2006. And Lucero did not appear at the scheduled Pretrial Conference, and has not provided her portion of the Pretrial Order. Finally, Lucero refuses to let the Defendants take her deposition.

### 5.     Efficacy of Lesser Sanctions.

Sanctions against Lucero are appropriate. The Defendants submit that dismissal of Lucero's action is the appropriate sanction. The Court is reluctant to dismiss any pro se plaintiff's case without reaching the merits, but the stage of the case restricts any meaningful option.

The Court considered declaring certain matters admitted or precluding Lucero from putting on certain evidence in the record. But if the Court did so in a way that is fair to the Defendants, the Court would be effectively gutting her case. There is no real difference between appropriate issue or evidence preclusion and dismissal of the case. Striking her pleadings would also, in this case, be substantially the equivalent of dismissal. The Court feels that these options might be gestures that

would have no real meaning or value in preserving her claims, and could end up requiring the Defendants to incur further expenses without any benefit to Lucero.

The Court could stay the case until Lucero obeys the Court's order, but there is no indication that she intends to pursue this case. The case might remain on the Court's docket indefinitely. And if she does not intend to prosecute her action, there does not seem a good reason to hold her in contempt; all the Defendants really want, and all justice requires, is that the case be brought to a conclusion.

The factors here outweigh the strong predisposition to resolve cases on their merits. The factors here weigh as heavily as those in Connelly v. Kehoe, 1998 U.S. App. LEXIS 1951, where the Tenth Circuit affirmed the district court's dismissal of the case as sanctions, where plaintiff "repeatedly failed to cooperate in the discovery process and obey court orders and rules, which [] resulted in delaying [the] proceedings" and where, "[d]espite the Magistrate's explicit warning of dismissal, [plaintiff] failed to comply with the discovery order, missed a scheduled settlement conference, and failed to timely file responses to defendants' summary judgment motions." Id. at *5-6. The Court will therefore dismiss Lucero's case unless she immediately advises the Court that she wants to continue her case, and assures the Court and the Defendants that she will promptly cure her discovery. Lucero must advise the Court by Friday May 5, 2006 by 12:00 p.m. If the Court does not hear from her by that time, or her response concerning her intentions to cure her discovery is inadequate, the Court will dismiss her case.

**IT IS ORDERED** that the Defendants' Motion for Sanctions for Plaintiff's Failure to Comply with Court Order is granted in part. The Plaintiff's lawsuit will be dismissed against her as a sanction for her failure to comply with the Court's March 13, 2006 Memorandum Opinion and Order unless

-13-

she advises the Court by 12:00 p.m. on Friday May 5, 2006, that she wishes to continue to prosecute

her case and assures the Court and the Defendants that she will promptly cure her discovery defaults.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Valerie Garcia Lucero
Ranchos de Taos, New Mexico

 *Pro se Plaintiff*

James P. Sullivan
Gianna Mendoza
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

 *Attorneys for the Defendants*


-14-